UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAJCO, INC. dba ANCHOR DRUGS PHARMACY,

       Plaintiff,

       v.

LEADER DRUG STORES, INC., et al.,

       Defendants.
_____/

No. C 12-05703 PJH

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

       The motion to dismiss filed by defendants InformedRx, SXC Health Solutions, Inc., Catamaran PBM of Illinois, Inc., Catamaran Corporation and Catamaran, Inc., came on for hearing before the court on March 6, 2013. Defendants appeared by their counsel, James Higgins; plaintiff Jajco, Inc. dba Anchor Drugs Pharmacy (Anchor) did not make an appearance and did not explain its absence from the motion hearing. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court GRANTS the motion to dismiss with leave to amend. Upon further considering the briefs, the court has determined that leave to amend beyond that granted at the hearing is warranted.

       InformedRx, SXC and the Catamaran defendants move to dismiss the second cause of action for breach of contract alleged in the second amended complaint (SAC). The SAC alleges that InformedRx, acting as the agent of former defendant HPSM, breached the Leader-HPSM contract. SAC ¶ 67. InformedRx moves to dismiss the breach of contract claim based on this alleged agency, citing authority that "under California law it is settled that a personal judgment for damages for breach of contract may not be obtained against a known agent of a disclosed principal." Reply at 3 (citing *Sackett v. Wyatt*, 32 Cal. App. 3d

592, 597 (1973)).  Anchor does not address or distinguish this authority at all, and seems to have abandoned its agency theory from its breach of contract claim.  The court therefore dismisses with prejudice the breach of contract claim based on an agency theory.

In its opposition brief, Anchor asserts a third party beneficiary theory of liability against defendants on the ground that Anchor is a third party beneficiary of the Leader-InformedRx contract and the InformedRx-HPSM contract.  Opp. at 3-4.  Under California law, "'[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.'"  *Arata v. Bank of Am. Nat. Trust & Sav. Ass'n*, 223 Cal. App. 2d 199, 205 (1963) (quoting Cal. Civ. Code § 1559.)  "'The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract.'"  *Id.* (quoting *Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.*, 160 Cal. App. 2d 290, 297 (1958) (internal citation omitted)).  The operative complaint does not include allegations that Anchor is an intended third party beneficiary of the InformedRx contracts or facts supporting this theory, and therefore fails to state a plausible claim for relief against InformedRx, SXC and/or the Catamaran defendants for breach of contract.  Because amendment does not appear to be futile, the breach of contract claim (the second cause of action) is dismissed with leave to amend to allege a third party beneficiary claim against InformedRx, and against SXC and/or the Catamaran defendants if Anchor can allege a basis for alter ego or successor liability, as discussed further below.  To satisfy federal pleading standards, Anchor must amend its complaint to allege that the terms of the contracts express an intent to benefit third parties such as Anchor, rather than only incidentally or remotely benefitting Anchor.  *Kaiser Engineers v. Grinnell Fire Prot. Sys. Co.*, 173 Cal. App. 3d 1050, 1055 (1985) (internal citations omitted); *Le Ballister v. Redwood Theatres*, 1 Cal. App. 2d 447, 449 (1934) ("From a reading of the agreement before us, we believe that the intent to benefit appellant clearly appears from its terms.").  Anchor must also identify what relevant contractual provisions were allegedly breached.

SXC and the Catamaran defendants also move to dismiss the claims against them on the ground that the SAC fails to plead facts to support a basis for liability against them, whether as successors in interest to InformedRx, or under an alter ego or agency theory. The SAC has no allegations about the role of SXC or the Catamaran defendants in the alleged transactions or breaches by InformedRx, and makes only conclusory agency and alter ego allegations that "defendants, and each of them, were an owner, co-owner, agent, representative, partner, and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining defendant. . . ." SAC ¶ 17. These allegations do not satisfy the pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In opposition to the motion to dismiss, Anchor does not provide any basis to support an agency theory of liability, and admits that the SAC only vaguely refers to InformedRx's "successors-in-interest" because Anchor "does not know the exact names." Opp. at 5. To support its theory of successor liability, Anchor cites deposition testimony to show that InformedRx no longer exists and that SXC bought another Pharmacy Benefit Manager and merged the two companies to create Catamaran Corp. Klein Decl., Ex. A (Feliciani Depo.). Furthermore, defendants concede that InformedRx changed its name to Catamaran PBM of Illinois, Inc., that SXC changed its name to Catamaran Inc., and that Catamaran Corporation is the parent corporation of Catamaran Inc. (f/k/a/ SXC) and Catamaran PBM (f/k/a InformedRx). Reply at 3-4 and n.2; Disclosure Statement, doc. no. 9. To state a plausible claim against SXC and/or the Catamaran defendants, however, Anchor must not only show that InformedRx's assets were transferred to another corporation, but must also allege a basis for successor liability. To determine whether a corporation purchasing the principal assets of another corporation assumes the other's liabilities, California law ordinarily applies the rule that the purchaser does not assume the seller's liabilities unless (1) there is an express or implied agreement of assumption, (2) the transaction amounts to

a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts. *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977). *See Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1230 (C.D. Cal. 2012) ("An exception to the well-settled rule against successor liability is triggered when the purchaser expressly or implicitly agrees to assume liability.") (citation and internal quotation marks omitted). Because amendment does not appear futile, the court grants leave to amend the claims against SXC, Catamaran PBM of Illinois, Inc., Catamaran Corporation and Catamaran, Inc. to add factual allegations to support a basis for successor liability, but not agency.

To support its alter ego theory, Anchor argues that the CFO of the Catamaran defendants, Jeff Park, was directly involved with the efforts to withdraw funds from Anchor's Central Pay accounts. Opp. at 5; SAC 16. The SAC also alleges, in a conclusory fashion, that "[t]here exists . . . a unity of interest in ownership between certain defendants and other certain defendants such that any individuality and separateness between the certain defendants has ceased and these defendants are the alter ego of the other certain defendants and exerted control over those defendants." SAC ¶ 13. Under California law, alter ego is an extreme remedy which requires that two conditions be met: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 538-39 (2000). The SAC fails to state a plausible basis for alter ego liability to support the claims against SXC or the Catamaran defendants, which claims are dismissed with leave to amend.

For the reasons set forth above and stated on the record, defendants' motion to dismiss the second cause of action for breach of contract in the SAC against all moving defendants is GRANTED WITH LEAVE TO AMEND to allege a third party beneficiary claim

4

for breach of contract; the motion to dismiss the second, third, fourth, fifth, sixth and seventh causes of action in the SAC against SXC and the Catamaran defendants is GRANTED WITH LEAVE TO AMEND the successor liability and/or alter ego allegations. The motion to dismiss is GRANTED WITH PREJUDICE with respect to the agency theories of liability against all moving defendants.

Anchor shall file any amended complaint **within 28 days** of the filing date of this order.  Defendants shall have 21 days thereafter by which to respond to the amended complaint.  Leave to amend is limited to curing the deficiencies identified herein, and Anchor may not add new claims or parties without complying with Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated:  March 7, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge