UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| JAJCO, INC., dba ANCHOR DRUGS PHARMACY,<br><br>Plaintiff,<br><br>v.<br><br>LEADER DRUG STORES, INC., et al.,<br><br>Defendants.<br>_____/ | No. C 12-05703 WHO (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER BRIEF DATED JULY 22, 2013**<br><br>[Re: ECF No. 58] |

This case involves Anchor Drugs Pharmacy's ("Anchor") claim that Catamaran/InformedRX ("Catamaran"), a third-party payor that processes claims submitted by Anchor to Health Plan of San Mateo ("HPSM"), wrongly took roughly $514,000 in 2010 and 2011 from Anchor's Central Pay accounts with Leader Drug Stores, Inc. ("Leader"), a pharmacy services administrator. *See* Order Denying Motion to Dismiss and Strike Third Amended Complaint, ECF No. 50 at 3; 7/12/2013 Joint CMC Statement, ECF No. 57 at 3. Anchor also claims that Catamaran did not pay it the contracted rate set forth in the HPSM contract for processing prescriptions and thus underpaid it for filled prescriptions. *See* Order Denying Motion to Dismiss and Strike Third Amended Complaint, ECF No. 50 at 3; 7/12/2013 Joint CMC Statement, ECF No. 57 at 3. Catamaran counters that it was recapturing payments made in error (apparently in the amount of $700,000), but Anchor alleges that HPSM's audit shows that out of the 27,000 analyzed claims, only 10% were paid at the correct rate, 40% were underpaid, and the alleged overpayments were not the $700,000 that Catamaran claims.

1  7/12/2013 Joint CMC Statement, ECF No. 57 at 3, 6.

2  Catamaran's counsel is unavailable from July 31, 2013 through August 9, 2013. Given the
3  tension with depositions scheduled in August and the mandatory settlement conference on
4  September 27, 2013, the undersigned issues this order directing the production of certain
5  information by August 15, 2013 and establishing parameters for future discovery disputes.

**STATEMENT**

The latest discovery dispute is described in a joint 24-page single-spaced letter. *See* 7/22/13 Joint Letter Brief, ECF No. 58. Anchor complains generally that Catamaran has delayed producing discovery and refers to the inadequacy of Catamaran's responses. For example, it says that it (1) made five requests for a complete copy of the IRX/HPSM contract (one with certain missing exhibits), (2) requested certain contracts between Leader and Catamaran, and (3) asked for documents regarding Catamaran's new entity structure (it went from a corporation to a limited liability corporation). *Id.* at 4. Catamaran responds as follows: (1) it produced the IRX/HPSM contract over a year ago and it does not have any unidentified "missing" exhibits to it; (2) it produced the contract between Leader and Catamaran over a year ago, and any "missing" contracts either were produced by Leader or were confirmed as not existing by Catamaran; and (3) it shared the relevant corporate structure information. *Id.* at 5-6. Thus, Catamaran says that it has produced what Anchor wants, it does not know what else Anchor thinks is out there, and anything else does not exist.

The letter then details the parties' disagreements about the effectiveness of their meet-and-confer process. *Id.* at 6-7. Anchor thinks that Catamaran is stalling, and this matters because depositions are scheduled in August and a mandatory settlement conference is in September. *Id.* at 7.

Pages 8 through 24 are a RFP-by-RFP disagreement about (1) whether Catamaran has already produced documents (which Catamaran often says that it has), or (2) if not, whether (as Catamaran suggests) Anchor's requests are too broad, and the parties ought to meet and confer more to narrow the requests so that they are not objectionable. *Id.* at 8-24. The categories at issue are as follows: (1) the relevant contracts; (2) Catamaran's changed corporate structure; (3) claims, payments, and recoupment data; (4) minutes and agendas of the Board of Directors regarding claims, payments, and

1 recoupments; (5) Catamaran's current financial condition; (6) documents regarding the ACE
2 investigation with respect to the claims, payments, and recoupments at issue; and (7) administrative
3 fees recovered by Catamaran. *Id.*

## ANALYSIS

The parties' letter brief is repetitive and contains a lot of argument about whether or not Catamaran is producing documents. Anchor says Catamaran is not, and Catamaran says that it is. *See, e.g., id.* at 1-6. The parties also disagree about the adequacy of their meet-and-confer process. *See id.*

It is hard to tell what is going on. On the one hand, Catamaran says that it has produced many documents, and thus there is no problem for some categories. On the other hand, Anchor argues that Catamaran has not produced relevant documents. Also, Catamaran's responses often are technical objections that are not very practical. For example, Catamaran states repeatedly that Anchor's responses are too broad and not narrowed to the parties' claims or defenses, and it often suggests a further meet and confer. *See id.* at 16-23. But the undersigned's standing order also requires a proposed compromise, *see* Order, ECF No. 40-1 at 2-3, and Catamaran offers none. Catamaran's approach does not seem geared to resolving disputes but instead makes Anchor think that there are disputes even when maybe there are not any (such as when documents have been produced).

Given Catamaran's counsel's unavailability, the undersigned orders that by August 15, 2013, the following should be produced for the period in dispute in the lawsuit:

1. The complete relevant contracts.

2. Documents or information regarding Catamaran's corporate structure insofar as it is relevant to this lawsuit (including responsibility for liabilities) (as opposed to what may not be consequential such as Catamaran's doing business in other states "with an untold number of entities," *see id.* at 10) (RFP Nos. 34-39).

3. Claims, payment, and recoupment data and documents relevant to Anchor's claims and Catamaran's defenses (RFP Nos. 50-51, 56).

4. Board of Directors' minutes and agendas regarding the claims, payments, and recoupments at issue in the lawsuit (RFP Nos. 32-33).

C 12-05703 WHO (LB)
NOTICE OF REFERRAL AND ORDER
3

5. Financial information showing Catamaran's current financial condition and net worth (and this may be produced pursuant to the protective order) (RFP Nos. 40-45).

6. Documents regarding the Ace Investigation with respect to the claims, payments, and recoupments at issue in the lawsuit (RFP No. 47).

7. Documents regarding administrative fees recovered by Catamaran that are relevant to the lawsuit (RFP Nos. 52-54).

This is meant to be a practical remedy that should not be burdensome if Catamaran really has produced documents. Moreover, it is necessary for the depositions scheduled in August and the September settlement conference, and it is intended to accomplish the discovery plan that should have been formulated by June 26, 2013. *See* 6/12/13 Order, ECF No. 53 at 2 (directing a discovery plan within two weeks that included a schedule for depositions and document production to make the depositions and settlement conference productive).

In the future, discovery disputes should be limited to the specific requests and should avoid argument about what the other party has or has not done. Each dispute should be in a separate section starting with the specific request and then followed by the parties' positions (moving party first). Each party should have a short statement of its position followed by (if necessary) the legal authorities that support the position and then the party's proposed compromise.

## CONCLUSION

The undersigned orders the productions set forth above by August 15, 2013. If this time line is unrealistic, or if there are burdens, or if there is additional information that the parties want, the parties must meet and confer and submit a joint letter brief that does not contain extraneous argument about delay and obstruction and instead focuses on the fact discovery at issue.

This disposes of ECF No. 58.

**IT IS SO ORDERED.**

Dated: August 6, 2013

_____
LAUREL BEELER
United States Magistrate Judge